PATRICIA A. REDDIG, Plaintiff-Appellant, *v.* CAL J. REDDIG, Defendant-Appellee.

(No. 72-331; ■■■■■■■■

Third District—July 17, 1973.

Winstein, Kavensky & Wallace, of Rock Island, (Dorothea O'Dean, of counsel,) for appellant.

Robert Brinn, of Rock Island, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

Patricia A. Reddig, the plaintiff, and Cal J. Reddig, the defendant, were divorced by the circuit court of Rock Island County on July 27, 1970. The decree of divorce granted to the plaintiff the care, custody and control of three minor children subject to reasonable visitation rights by the defendant. The defendant was directed to pay child support in the sum of $97.50 payable on the 15th and 30th day of each month.

On August 3, 1971, the plaintiff filed a petition to modify the decree to the extent that she would be permitted to remove the children to West Liberty, Iowa, where she was to be employed. The defendant filed an answer resisting the modification but after a hearing the court

granted the plaintiff's petition subject to the posting of a bond guaranteeing that she would return the children to Illinois when ordered to do so by the court.

While employed in Iowa the plaintiff met a Mr. Kruger, who was employed by the same company as she was, and their acquaintanceship blossomed into a romance so that at the time of the filing of this appeal it was their intention to become married. There is nothing in the record that would support any accusation or finding that the relationship between the plaintiff and Mr. Kruger was other than one based upon good moral standards.

Mr. Kruger left his employment in Iowa and accepted a position as chief engineer of a company known as Plantation Foods in Waco, Texas. Desiring to join Mr. Kruger for the purpose of becoming married, the plaintiff on September 8, 1972, filed a petition to again modify the decree of divorce so that she could take the minor children to Texas. The defendant filed an answer to this petition wherein he resisted the prayer for modification and he further cross-petitioned for a modification of the divorce decree and prayed that the care, custody and control of the minor children be awarded to him.

A hearing on plaintiff's petition to modify and defendant's cross-petition for modification was had and on October 5, 1972, the trial court filed an order finding that both parties were fit and proper persons to have the care, custody and control of the minor children and that the plaintiff's petition to modify the decree of divorce so as to permit her to remove the children to Texas was denied and further the cross-petition to modify by changing custody from the plaintiff to defendant was also denied.

It should be noted that the record discloses that subsequent to the order of October 5, 1972, from which this appeal stems, the plaintiff took the children to Waco, Texas, and after a hearing on a petition for rule to show cause the trial court found the plaintiff to be in wilfull contempt on the grounds that the removal was in violation of its order.

The plaintiff presents as her sole issue in this appeal that the trial court erred in refusing to permit her to remove the minor children in her custody to the state of Texas. The defendant's contention is, of course, otherwise and he further urges as a proposition of law that the plaintiff's appeal can be given no consideration since she is in contempt of the order from which she appeals.

We find it unnecessary to recount and review the testimony and evidence received by the trial court, nor are we obliged to consider the defendant's argument that the plaintiff has no standing in this court because she has been found to be in contempt of the trial court's order.

Without ruling on the correctness or incorrectness of the trial court's finding of contempt we do note, however, that the plaintiff advised the defendant that she intended to go to Texas and in fact he loaned her several suitcases for use on the trip. It should also be noted that after the children's removal to Texas the defendant ceased sending child support payments to the plaintiff, but instead has regularly placed the payments in a checking account at the State Bank of Milan.

■■ As near as we can determine from the record in this cause the three minor children of the plaintiff and defendant are now 16, 12 and 9 years of age. They are apparently in Texas and have been there for a period in excess of six months. As a result of their removal to Texas they have undergone a change of environment. They have pursued their education in schools of that State and undoubtedly have acquired new friends and acquaintances. The paramount question involved when the custody and welfare of children is an issue in divorce actions and post divorce actions is not what the parents wish, nor is it a question of who was right or wrong when the decree was entered, nor is it a question of punishing the father or mother; instead the real issue to be decided is what is for the best interests of the children. See *Dent v. Dent,* 83 Ill.App.2d 394, 227 N.E.2d 787; *Dokos v. Dokos,* 88 Ill.App.2d 330, 232 N.E.2d 508.

■■ The trial court, by virtue of ch. 40, sec. 14, Ill. Rev. Stat., is empowered to permit or to deny the removal of minor children from the State of Illinois and we do not hold that this discretionary power of the trial court was abused in the instant case when the order of October 5, 1972, was entered denying the plaintiff's request to take the children to Texas. We do, however, recognize the fact that the children are in Texas and have been there for a period of months and we deem it to be in the best interests of such children that the trial court conduct a further hearing regarding their removal from the State of Illinois. A change of circumstances has ensued and further evidence should be adduced as to the present situation of the children as to housing, education, financial well being, health, moral atmosphere and as to the preference of the children.

■■ For the reasons herein set forth we believe that the best interests of the children require us to remand the cause to the circuit court of Rock Island County with directions to conduct a new hearing on the question of their removal from the State of Illinois. Accordingly we so remand.

Remanded with directions.

ALLOY, P. J., and STOUDER, J., concur.