*In re* MARRIAGE OF MARK A. SHALASHNOW, Petitioner-Appellant, and DONNA E. SHALASHNOW n/k/a Donna E. Cable, Respondent-Appellee.

Second District   No. 2—86—1101

Opinion filed August 27, 1987.

Sharon L. Prather, of Mohr, Reilly, Prather & Graham, of McHenry, for appellant.

No brief filed for appellee.

JUSTICE INGLIS delivered the opinion of the court:

This case involves a petition for leave to remove the minor children of the parties from Illinois to Ohio. The petition for removal was filed by respondent, Donna E. Shalashnow. The trial court allowed removal. We affirm.

On February 20, 1986, a judgment was entered dissolving the

marriage of Donna and Mark Shalashnow. Incorporated in that judgment was a written separation agreement entered into by the parties and dated February 20, 1986. At the time of the separation, the parties had five children: Vennessa, born February 28, 1973; Courtney, born February 22, 1975; Leslie, born July 23, 1977; and twins, Ryan and Nathan, born July 21, 1979.

With respect to the custodial arrangements of the children, the agreement provided for joint custody with physical possession being with respondent. Visitation rights were given to petitioner, Mark Shalashnow. The agreement further set forth certain provisions governing specific rights, duties, and obligations of the parties as to the joint parenting of the children.

On May 25, 1986, respondent remarried. On August 13, 1986, respondent filed her petition for leave to remove the minor children from Illinois alleging that her new husband's office had been moved to North Royalton, Ohio. On September 11, 1986, petitioner filed a petition for leave to file a custody modification supported by affidavit, pursuant to section 610 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1985, ch. 40, par. 610). Petitioner's petition for leave to file a custody modification was denied, and the petition was allowed to stand as an affirmative defense to the removal petition.

Hearing on respondent's removal petition began on September 19, 1986. At the close of respondent's case, the trial court stated that it was missing two "salient points": when the move was to take place and where the children were to reside. The court also indicated that it would grant respondent leave to either reopen her case or continue it for the purpose of providing evidence regarding these two points. Immediately following this statement by the trial court, petitioner moved for a directed finding. Without ruling on petitioner's motion, the court allowed respondent to reopen her case for the purpose of providing evidence as to where the children would reside in Ohio. Following this, respondent moved for a continuance. There was no affidavit filed in support of this motion. The court stated that, in the interest of judicial economy, it would grant respondent's motion to continue the matter. On October 24, 1986, the hearing resumed. At that time, respondent presented evidence that she and her new husband had obtained a two-year lease on a home in Hudson, Ohio. She further presented evidence as to the description of the house and when the move was to occur.

At the close of respondent's case, petitioner again moved for a directed finding. The court denied petitioner's motion.

The court entered an order granting respondent's petition to remove the children from Illinois to Ohio. The order additionally modified the visitation rights of petitioner. Petitioner was given the right of visitation at his residence in Illinois commencing three days after the start of the children's summer vacation from school and terminating three days before school resumes in the fall. Petitioner was also given visitation in Illinois when respondent returns to Illinois. Furthermore, petitioner was given 10 days of visitation in Illinois over Christmas vacation and five days in Illinois during spring break. Respondent is to pay for transportation costs which result from the modified visitation. Finally, petitioner is entitled to visit the children in Ohio on 24 hours' advance notice. Petitioner timely appealed.

We first note that respondent has not filed an appellee's brief in this court. Therefore, this court is guided by the decision of *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128. In *First Capitol Mortgage Corp.*, our supreme court stated that a court of review should not be compelled to serve as an advocate for the appellee, nor should it be required to search the record for the purpose of sustaining the judgment of the trial court. However, it may do so if justice requires. (63 Ill. 2d 128, 133.) Accordingly, we may address the merits of petitioner's contentions and issues raised by the record.

Petitioner's first two issues are intertwined and will, therefore, be considered together. Petitioner contends that the trial court erred when it refused to grant petitioner's motion for a directed finding. Petitioner argues that at the close of respondent's case, respondent had failed to present evidence that the move was consistent with the best interest of the children. Specifically, petitioner contends that respondent failed to present any testimony or evidence as to adequate housing, what town the children would be living in, where they would go to school, or when the move would take place. Petitioner also contends that the trial court erred in granting respondent a continuance for supplying such evidence. Petitioner argues that a motion for a continuance must be in writing and supported by an affidavit. Consequently, petitioner argues that because there was no affidavit, the trial court erred in granting respondent's motion for a continuance.

An integral part of the issues presented in this case is what elements make up the *prima facie* case for removal. The trial court required as a part of the *prima facie* case that respondent show where the future residence of the children would be and when the move was to take place. This was error.

A trial court may grant removal of a child from the State when it

is in the child's best interest. (Ill. Rev. Stat. 1985, ch. 40, par. 609.) In *In re Custody of Anderson* (1986), 145 Ill. App. 3d 746, this court stated:

"In deciding whether removal is in the child's best interest, our courts look primarily at three factors. First, the courts consider whether there is a sensible reason for the move. *** Second, the courts look at whether the move is consistent with the child's best interest. *** Third, the courts look at whether the removal will prevent reasonable visitation by the second parent." (145 Ill. App. 3d 746, 751.)

Thus, the courts do not require that housing be shown as a prerequisite to removal. While it is true that good housing is in the best interest of the children and is, therefore, relevant to the determination of whether a removal petition should be granted (see 145 Ill. App. 3d 746, 751), it is impractical to require it as an element of removal. Parties seeking removal often do not know where they will live. Generally, a party will not enter into a housing agreement until his or her petition for removal is granted. Such parties seeking removal should not be required to enter into housing contracts on the chance that their petition will be granted.

The record indicates that at the close of her case, respondent had introduced sufficient evidence to make out a *prima facie* case for removal. Consequently, petitioner's contention that he should have been granted a directed finding because respondent failed to introduce evidence as to where the children would reside is incorrect.

We do, however, agree with petitioner that the trial court should not have granted respondent's motion for a continuance and should have weighed the evidence presented by respondent and ruled on petitioner's motion for a directed finding at the close of respondent's case on September 19, 1986.

Supreme Court Rule 231 requires that a party making a motion for a continuance based on the absence of material evidence support its motion with an affidavit. (107 Ill. 2d R. 231.) Failure to do so requires a trial court to deny the motion. (*Mann v. People* (1981), 98 Ill. App. 3d 448, 451-52.) In the present case, there was no affidavit filed in support of respondent's motion for a continuance. The trial court in the present case thus erred in granting the motion for continuance.

When petitioner made a motion for a directed finding at the close of respondent's case on September 19, 1986, the trial court being the finder of fact, and the continuance being in error, should have weighed the evidence presented by respondent, determined whether

she had met her burden of proof on every element essential to her case, and then ruled on petitioner's motion. (*In re Custody of Anderson* (1986), 145 Ill. App. 3d 746, 750.) However, neither the trial court's granting of respondent's motion for a continuance nor the trial court's failure to weigh the evidence and rule on petitioner's motion at the close of respondent's case is reversible error.

■ We must deal with the present situation being ever mindful that it is the best interest of the children that is paramount. (*Reddig v. Reddig* (1973), 12 Ill. App. 3d 1009, 1011.) Based on the record presented, it appears that the children have been in Ohio since November 1, 1986. As a result of their move to Ohio they have undoubtedly undergone a change in environment, entered new schools, and have made new friends and acquaintances. We are therefore of the opinion that the trial court could not make a new finding without taking into consideration the present living situation of the children and the harm that might be caused by uprooting them once again. (See 12 Ill. App. 3d 1009, 1011.) Thus, what the trial court should not have allowed into evidence in the first place would require consideration on remand. We are of the further opinion that since the trial court considered the living conditions in Ohio when determining that it would be in the best interest of the children to move to Ohio, the same conclusion would be reached on remand. Therefore, no useful purpose would be served in remanding this action for further proceedings. In light of this, we consider the trial court's granting of the continuance to be harmless error. See *J. L. Simmons Co. ex rel. Hartford Insurance Group v. Firestone Tire & Rubber Co.* (1985), 108 Ill. 2d 106, 115.

■ Petitioner next contends that the trial court's granting of respondent's petition for leave to remove the minor children from Illinois was against the manifest weight of the evidence. We disagree.

As mentioned above, courts consider three factors in determining whether to grant a petition for removal of minor children from the State: (1) whether there is a sensible reason for the move; (2) whether the move is consistent with the child's best interest; and (3) whether the removal will prevent reasonable visitation by the second parent. (*In re Custody of Anderson* (1986), 145 Ill. App. 3d 746, 751.) In addition to these three elements, petitioner argues that a fourth element should be taken into consideration. Petitioner argues that courts must consider what will produce the maximum involvement of both parents in the raising of the children. Petitioner contends that courts must require that the moving party present proof that the children will directly benefit from the move and that such a benefit will outweigh the loss of the active involvement of the nonresidential custodian.

In our opinion, the reduction of involvement of the noncustodial parent which results from a move out of State is not a separate factor which must be proved. Rather, reduction of one parent's involvement is a relevant consideration in determining what is the best interest of the children. See *In re Marriage of Bednar* (1986), 146 Ill. App. 3d 704, 711.

■ In reviewing the transcript, it is our opinion that the trial court adequately took this consideration into account. The trial court recognized that petitioner was a loving father, had substantial involvement with the children in their activities, and that such involvement would be reduced by moving them to Ohio. It is self-evident that it is in the best interest of the children to have a healthy and close relationship with both parents. To compensate for the inability to see petitioner on the same basis that existed when respondent lived in Illinois, the trial court ordered liberal visitation during the summer, winter and spring. We hold that the decision of the trial court was not against the manifest weight of the evidence.

In accordance with the above discussion, we affirm the decision of the trial court.

Affirmed.

HOPF and DUNN, JJ., concur.