MARVIN BILDERBACK, Plaintiff-Appellant and Cross-Appellee, v. ADMIRAL COMPANY, Defendant-Appellee and Cross-Appellant.

Third District   No. 3—91—0525

Opinion filed March 26, 1992.—Rehearing denied May 22, 1992.

Jerry Serritella, of Peoria, for appellant.

Carl H. Trieshmann, of Seyfarth, Shaw, Fairweather & Geraldson, of Chicago (Joseph S. Turner, of counsel), for appellee.

JUSTICE STOUDER delivered the opinion of the court:

The plaintiff, Marvin Bilderback, appeals from a judgment entered in favor of the defendant, the Admiral Company. The defendant cross-appeals.

The plaintiff filed a two-count amended complaint against the defendant in February of 1990. In count I, the plaintiff asserted that his employment with the defendant had been terminated in retaliation for his pursuit of benefits under the Workers' Compensation Act (Ill. Rev. Stat. 1989, ch. 48, par. 138.1 *et seq.*). Count II alleged he was discharged for filing a complaint under the Occupational Safety and Health Act of 1970 (29 U.S.C.S. §651 *et seq.* (1990)).

Following a three-day trial, the jury returned a general verdict finding in favor of the plaintiff on count I and in favor of the defendant on count II. The jury awarded the plaintiff total damages of $66,000. The jury also returned answers to a set of special interrogatories. The defendant moved for judgment notwithstanding the verdict. The trial court reserved ruling on the motion and requested a written motion. Subsequently, the plaintiff filed a post-trial motion requesting judgment be entered on the verdict. The defendant filed a post-trial motion requesting judgment in its favor. In the alternative, the defendant moved for judgment notwithstanding the verdict, a new trial and a directed verdict. The defendant argued the answers to the special interrogatories were inconsistent with the general verdict re-

turned on count I. The trial court agreed and entered judgment in favor of the defendant on both counts I and II. The trial court ruled conditionally against the defendant on the defendant's alternative motions. The ruling on count II is not in issue in this appeal.

On appeal, the plaintiff argues, *inter alia*, that the general verdict and the special interrogatories are consistent. We find, given the phraseology of the interrogatories, that no inconsistency exists.

When the answers to special interrogatories are inconsistent with the general verdict, the former controls the latter and the court may render judgment accordingly. (Ill. Rev. Stat. 1989, ch. 110, par. 2—1108.) An inconsistency between the special interrogatories and the general verdict exists only when the answers to the special interrogatories are clearly and absolutely irreconcilable with the general verdict. (*Zois v. Piniarski* (1982), 107 Ill. App. 3d 651, 437 N.E.2d 1251.) In determining whether the answers to special interrogatories are inconsistent with the general verdict, all reasonable presumptions must be exercised in favor of the general verdict. (*State Farm Fire & Casualty Co. v. Miller Electric Co.* (1990), 204 Ill. App. 3d 52, 562 N.E.2d 589.) Traditionally, where special interrogatories which are allegedly inconsistent with the general verdict do not cover all the issues submitted to the jury, the general verdict has been harmonized with the special findings, without looking to the evidence, by concluding that the general verdict represents a response to the issues not determined by the special findings. *McCutchen v. Bigler* (1981), 101 Ill. App. 3d 696, 428 N.E.2d 669.

In the instant case, the jury was given the following issue instruction: "When I say that the plaintiff must prove that he was discharged in retaliation for filing workers' compensation claims, I mean that plaintiff must prove that the motive, or actual reason, for his discharge was his filing of workers' compensation claims." In returning a verdict for the plaintiff on count I, the jury found the plaintiff had proven this fact.

Among others, the following interrogatories were submitted to the jury. The jury answered each in the affirmative.

> "Did Ron Hanson recommend Plaintiff's discharge because he believed that Plaintiff had shoved supervisor Mike Kavanaugh?"
>
> "Did Ron Hanson recommend Plaintiff's discharge because he believed Plaintiff had given false information to Company nurse, Marcia Fox?"
>
> "Did Jon O. Nicholas authorize Plaintiff's discharge because he believed Plaintiff had shoved supervisor Mike Kavanaugh?"

"Did Jon O. Nicholas authorize Plaintiff's discharge because he believed Plaintiff had given false information to the Company nurse, Marcia Fox?"

The defendant argues the jury's affirmative answers to these interrogatories show that the plaintiff was discharged for nonpretextual and valid reasons, and that the general verdict on count I in favor of the plaintiff is inconsistent with the jury's findings on the interrogatories.

As an initial matter, we note the parties' argument concerning the "mixed motives" instruction. We find the jury was properly instructed on causation and therefore no issue of mixed motives arises.

In the instant case, the jury found the plaintiff's pursuit of workers' compensation benefits was the actual reason for his discharge. The special interrogatories do not establish that anything else was the actual reason. The interrogatories at most concerned interlocutory facts and not controlling facts. There were no special interrogatories asking whether the defendant or members of its staff discharged the plaintiff because he was pursuing workers' compensation benefits. We find the jury could have answered the interrogatories cited above in the affirmative, and also have found the defendant was discharged because of his workers' compensation claims.

The interrogatories are in our view rather ambiguous. They speak of "authorizing" and "recommending" discharge. It would have been quite simple and much clearer to have asked, for example, "Was the plaintiff discharged because he was pursuing workers' compensation claims?" The defendant proffered the interrogatories and is responsible for the ambiguity resulting. In sum, the general verdict addresses an issue which was not determined by the special findings of the jury, and therefore there is no inconsistency. The trial court erred in denying the plaintiff's motion for judgment on the verdict.

Having found the trial court erred in granting the defendant's motion for judgment on count I, and in denying the plaintiff's motion for judgment on the verdict, we must address the merits of the defendant's cross-appeal. On cross-appeal, the defendant argues the trial court erred in conditionally denying its alternative motions for a new trial, judgment notwithstanding the verdict and a directed verdict.

In the instant case, the plaintiff testified to numerous threats of dismissal made by various supervisory personnel of the defendant. In addition, two co-workers of the plaintiff testified to derogatory and threatening statements concerning the plaintiff made by executives between 1984 and 1989. Also there was conflicting testimony regard-

ing the series of events surrounding the investigation of the incident precipitating the plaintiff's dismissal and the decision to discharge the plaintiff.

The defendant argues that the threatening statements are irrelevant since they were not made by those who made the decision to discharge the plaintiff. (See *Marin v. American Meat Packing Co.* (1990), 204 Ill. App. 3d 302, 562 N.E.2d 282.) The defendant argues the evidence shows the plaintiff was dismissed for nonpretextual reasons, *i.e.*, shoving a supervisor and lying to the company nurse.

On review of the entire record, we find the evidence presented was conflicting. However, there was sufficient evidence to support the jury's conclusion. Therefore, the trial court did not err in denying the defendant's contingent motions for a directed verdict and judgment notwithstanding the verdict. We also note that no trial errors have been called to our attention which prejudiced the defendant; therefore, the contingent ruling denying a new trial was also appropriate.

For the foregoing reasons, the judgment of the circuit court of Knox County denying the plaintiff's motion for judgment on count I of the jury's verdict is reversed, and the cause is remanded for entry of judgment in favor of the plaintiff on count I. In all other respects, the judgment of the circuit court is affirmed.

Affirmed in part, reversed in part and remanded.

HAASE and GORMAN, JJ., concur.