VIRGINIA CRONKHITE, Plaintiff-Appellant, v. RUTH FEELEY, Indiv. and as Special Adm'r of the Estate of Allison Feeley, Deceased, Defendants-Appellees.

Third District   No. 3—93—0122

Opinion filed November 4, 1993.

George J. Witous, of George J. Witous, P.C., of Oak Lawn (Catherine J. Berger and Nelson Cotnoir, of counsel), for appellant.

James D. Grumley, of Rooks, Pitts & Poust, of Joliet (Pamela Davis Gorcowski, of counsel), for appellees.

JUSTICE BRESLIN delivered the opinion of the court:

The plaintiff, Virginia Cronkhite, sued her landlord for injuries she received when she fell on ice in the parking lot of her apartment building. The plaintiff complains of error in setting aside the jury verdict in her favor and in directing a verdict in favor of the landlord in the trial that followed. We hold that the issue of the correctness of the order for a new trial is *res judicata* and affirm the directed verdict.

Three trials were conducted on this case. The first resulted in a mistrial. The second resulted in a verdict for the plaintiff in the amount of $67,000 which was reduced by the 10% comparative negligence of the plaintiff. The trial court granted the defendants' posttrial motion for a new trial on the basis that the 10% comparative negligence was against the manifest weight of the evidence. The plaintiff filed a petition for leave to appeal from the order for a new trial, and the petition was denied.

At the third trial, the plaintiff testified that at the time of her accident, she was 68 years old and had been living in the same apartment for approximately 13 years. There had been a snowfall on the Sunday or Monday preceding her fall. The snow was approximately two inches deep and covered the parking lot provided for the building tenants. By Thursday, the day of the accident, the snow had been compacted by vehicle traffic in the parking lot, had partially melted and refrozen each day and there were frozen ruts which marked the traffic patterns in the lot. Between these frozen ruts the ground was clear of ice and snow.

On the day of the accident, the plaintiff exited her vehicle in the parking lot at approximately 7:15 p.m. She walked the most direct route from her car to the doorway of the building, which required her to step over the frozen ruts in the parking lot. While trying to step over one of the ruts, she slipped and fell. The plaintiff testified that there was a mercury vapor lamp located on the top of the apartment building which helped dispel the darkness but did not provide good illumination of the entire parking lot. She also testified that following the snowfall, the parking lot appeared to have been plowed, although there were still scattered patches of snow covering 25% of the lot.

At the close of the plaintiff's case, the defendants moved for a directed verdict. The trial court found that the plaintiff had presented no evidence that the defendants had been negligent. Therefore, it directed a verdict in favor of the defendants.

The plaintiff first argues that the jury verdict in the second trial should not have been set aside. Although neither party has raised the issue of the effect of our earlier denial of leave to appeal on our current ability to rule on this issue, this question must be answered before we proceed. (See *Hux v. Raben* (1967), 38 Ill. 2d 223, 230 N.E.2d 831 (an appellate court may decide a case on grounds not raised by the parties).) While we find that there appears to be a conflict in the rulings of the Illinois Supreme Court on the issue, we conclude that review of the new trial order is precluded by our earlier denial of the petition for leave to appeal.

In *Robbins v. Professional Construction Co.* (1977), 45 Ill. App. 3d 524, 359 N.E.2d 1121, this court held that the denial of a petition for leave to appeal on the question of whether a new trial order was proper precluded further review of the question on a later appeal. (See also *Martino v. Barra* (1973), 10 Ill. App. 3d 97, 293 N.E.2d 745; *Department of Public Works & Buildings v. Kelly* (1976), 40 Ill. App. 3d 896, 353 N.E.2d 195.) The Illinois Supreme Court affirmed that conclusion. *Robbins v. Professional Construction Co.* (1978), 72 Ill. 2d 215, 380 N.E.2d 786.

More recently, however, the supreme court ruled that the denial of a petition for interlocutory relief is not "an exotic form of *res judicata*"; it "means only that a majority of the upper court could not be mustered" to support the petition. (*Kemner v. Monsanto Co.* (1986), 112 Ill. 2d 223, 241, 492 N.E.2d 1327.) Based on that, the court proceeded to consider the propriety of a trial court order denying a motion to dismiss based on *forum non conveniens* which had previously been the subject of a denied petition for leave to appeal.

Thus we are faced with the question of whether to follow the supreme court's opinion in *Robbins* and deny review of the trial court's order for a new trial or to follow the supreme court's opinion in *Kemner* and proceed with our review. Since *Robbins* and *Kemner* can be distinguished on the basis that *Robbins* concerned a new trial order and *Kemner* concerned a motion to dismiss based on *forum non conveniens*, we will follow *Robbins* and will not review the propriety of the trial court's order for a new trial inasmuch as it was the subject of an earlier petition for leave to appeal which was denied.

The plaintiff argues next that the trial court erred in directing a verdict in favor of the defendant in the third trial.

In deciding a motion for directed verdict, the trial court must consider whether, in viewing the evidence most favorably to the

plaintiff, there is a total lack of evidence to prove any necessary element of the plaintiff's case. (*Merlo v. Public Service Co.* (1942), 381 Ill. 300, 45 N.E.2d 665.) In the case at bar, the plaintiff claims that the defendants were negligent so we must determine whether she has produced evidence to prove each element of a negligence action.

There are four elements of a negligence claim: (1) existence of a duty owed by the defendant to the plaintiff; (2) breach of that duty; (3) proximate cause; and (4) damages. (*Fugate v. Sears, Roebuck & Co.* (1973), 12 Ill. App. 3d 656, 299 N.E.2d 108.) Both parties agree that a landlord has no duty to remove snow and ice that have accumulated from natural causes but may be liable if he/she undertakes to remove ice and snow and acts negligently in so doing. (See *Williams v. Lincoln Towers Associates* (1991), 207 Ill. App. 3d 913, 566 N.E.2d 501.) The validity of this proposition is not at issue and we will not address it.

■ The plaintiff claims that the defendants were negligent in two ways: first, in failing to adequately remove snow and ice from the parking lot, and second, in failing to sufficiently illuminate the parking lot. On neither claim, however, has the plaintiff produced any evidence of the defendants' breach of their duty to her. The plaintiff's sole basis for her claims is her testimony that the lot "appeared" to have been plowed and the lamp on the building did not illuminate the "entire" parking lot. She has presented no evidence that the parking lot had in fact been plowed, not to mention plowed negligently. Nor did she present evidence that a reasonable person would have provided a different kind or number of lights to illuminate the parking lot.

This case is markedly different from *Ostry v. Chateau Limited Partnership* (1993), 241 Ill. App. 3d 436, 608 N.E.2d 1351. In *Ostry* the plaintiff presented testimony that the snow-plowing service used by the defendant had piled snow behind the cars and had failed to plow out the parking stalls and clear away the spill off. Another service had to be engaged because of the first service's deficient performance. The court held that the plaintiff had presented enough evidence of negligence to survive a motion for directed verdict. In the case before us, the plaintiff has presented no evidence that the lot was in fact plowed. The most she has said is that it "appeared" to have been plowed. With regard to the lack of illumination, she has said no more than that the light provided did not penetrate to the far corners of the parking lot.

Based on our analysis, we find that there is a total lack of evidence to prove a breach of the defendants' duty to the plaintiff. Therefore, we hold that the trial court did not err in directing a verdict for the defendants.

Accordingly, the judgment of the circuit court of Will County is affirmed.

Affirmed.

BARRY and STOUDER, JJ., concur.