AGNES STEPHENS, Plaintiff-Appellant, v. STEVEN TAYLOR, Indiv. and as Agent of the Moline Housing Authority, *et al.*, Defendants-Appellees.

Third District   No. 3—01—0577

Opinion filed June 17, 2002.—Rehearing denied July 17, 2002.

HOLDRIDGE, J., dissenting.

Francis Van Hooreweghe (argued) and Joseph F. Fackel, both of Van Hooreweghe, Fackel & Thuline, of Moline, for appellant.

Marc Sherman (argued), of Lincolnwood, for appellee.

JUSTICE BRESLIN delivered the opinion of the court:

We are asked to determine whether a party who was denied leave to appeal from a petition filed pursuant to Supreme Court Rule 306(a)(1) (166 Ill. 2d R. 306(a)(1)) after a new trial was granted is foreclosed from raising the same issues in a subsequent appeal. We hold that if the merits of the first petition were not addressed by the appellate court, then those issues are not foreclosed in a later appeal.

## FACTS

In November of 1998, plaintiff Agnes Stephens filed an action against the Moline Housing Authority and Steven Taylor (collectively, the Housing Authority) for malicious prosecution and violation of her civil rights. At trial, the jury was instructed that Agnes had the burden of proving that the Housing Authority maliciously and without probable cause commenced or continued a criminal prosecution against her.

After the jury announced that it had reached a verdict but before the verdict was announced, the trial court submitted to the jury a

special interrogatory which asked: "If you find that Mr. Taylor commenced or continued a criminal proceeding against the plaintiff then do you find that Mr. Taylor acted with willful and wanton disregard for plaintiff's rights?"

The jury answered the special interrogatory in the negative and awarded Agnes a verdict in the amount of $150,000. The court, however, entered a judgment notwithstanding the verdict (judgment *n.o.v.*) in favor of the Housing Authority, finding that the special interrogatory and the verdict were inconsistent and that the special interrogatory controlled the verdict. In a subsequent motion, Agnes requested that the court vacate its judgment and enter judgment on the general verdict or, in the alternative, grant her a new trial. The trial court denied the request to vacate the judgment and enter judgment on the general verdict, but granted the request for a new trial. Notwithstanding the trial court's decision to grant a new trial, Agnes proceeded to file a petition for leave to appeal with this court pursuant to Supreme Court Rule 306(a)(1) (134 Ill. 2d R. 306(a)(1)). We denied Agnes' petition without addressing its merits.

At the conclusion of the second trial, the jury returned a verdict in favor of the Housing Authority on all claims. Afterwards, Agnes filed a motion claiming, *inter alia*, that the trial court committed an error when it granted the judgment *n.o.v.* in the first trial and when it subsequently granted the new trial. The motion was denied, and Agnes appealed a second time.

Additional facts will be set forth as they become pertinent to the analysis.

## ANALYSIS

■ Agnes argues on appeal that the trial court improperly granted the Housing Authority's motion for a judgment *n.o.v.* after the first trial. This court applies a *de novo* standard when reviewing a trial court's decision to grant a judgment *n.o.v.* motion. *Koehler v. Neighbors*, 322 Ill. App. 3d 440, 751 N.E.2d 149 (2001).

As a preliminary matter, we must consider the Housing Authority's contention that, based on our prior decision in *Cronkhite v. Feeley*, 251 Ill. App. 3d 868, 623 N.E.2d 748 (1993), this court lacks subject matter jurisdiction over this appeal.

In *Cronkhite*, 251 Ill. App. 3d at 869, 623 N.E.2d at 750, we concluded that review of an order for a new trial was precluded from further review inasmuch as it was the subject of an earlier petition for leave to appeal which was denied. In reaching our conclusion, we observed that there appeared to be a conflict in the rulings of the Illinois Supreme Court on the issue and accordingly examined two supreme court cases that seemed in conflict.

The first case we examined was *Robbins v. Professional Construction Co.*, 72 Ill. 2d 215, 380 N.E.2d 786 (1978), which affirmed a decision by the appellate court that the denial of a petition for leave to appeal on a question of whether a new trial order was proper precluded further review of the question on a later appeal. The second case we reviewed was *Kemner v. Monsanto Co.*, 112 Ill. 2d 223, 492 N.E.2d 1327 (1986), which ruled that an appellate court's denial of a petition for interlocutory relief regarding a trial court's decision to deny a motion to dismiss based on *forum non conveniens* was not "an exotic form of *res judicata*" (112 Ill. 2d at 241, 492 N.E.2d at 1335) and meant only that a majority of the court could not be mustered to support the petition. Because *Robbins* concerned a new trial order and *Kemner* concerned a motion to dismiss based on *forum non conveniens*, we followed *Robbins* and refused to review the propriety of the trial court's order for a new trial as it was the subject of an earlier petition for leave to appeal. See *Cronkhite*, 251 Ill. App. 3d at 870, 623 N.E.2d at 750.

■ Upon further consideration, we find the reasoning in *Kemner* more persuasive. Parties are entitled to one appeal from an order of the trial court granting a new trial. See 134 Ill. 2d R. 306(a)(1). If parties do not appeal the grant of a new trial, they forever waive their rights. See *Simmons v. Chicago Housing Authority*, 267 Ill. App. 3d 545, 641 N.E.2d 915 (1994) (finding that a party waived the right to contest an order granting a new trial because it failed to timely file a petition for leave to appeal). If a petition for leave to appeal is denied without reaching the merits of the petition and then the petition is treated as if it were *res judicata*, the parties will effectively have been deprived of the one review to which they are entitled. Accordingly, we hold that this court has jurisdiction over this appeal and Agnes is not precluded from raising the issue that the trial court erroneously granted the Housing Authority's judgment *n.o.v.* motion after the first trial. To the extent that *Cronkhite* is inconsistent with this opinion, it is overturned.

We now consider the substance of Agnes' argument. Agnes asserts that the trial court erred when it granted the Housing Authority's judgment *n.o.v.* motion. According to Agnes, the special interrogatory and the general verdict were not inconsistent with one another, the special interrogatory did not cover all the issues at trial, and the jury could have reasonably reached its verdict while still finding that the Housing Authority's actions were not willful and wanton. The Housing Authority responds that the trial court's grant of the motion for a judgment *n.o.v.* was reasonable because in answering the special interrogatory the jury made a finding that it did not act intentionally or

maliciously. The Housing Authority also responds that Agnes is not entitled to argue that the special interrogatory was improper because she was granted the new trial which she had requested as alternative relief and did not object to the special interrogatory at trial.

█ █ █ Section 2—208 of the Local Governmental and Governmental Employees Tort Immunity Act (Immunity Act) provides that "[a] public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, unless he acts *maliciously and without probable cause.*" (Emphasis added.) 745 ILCS 10/2—208 (West 2000). To prove the tort of malicious prosecution, a plaintiff is required to show the following: (1) the commencement or continuation of an original criminal or civil judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence of malice on the part of the defendant; and (5) resulting damages to the plaintiff. *Illinois Nurses Ass'n v. Board of Trustees of University of Illinois*, 318 Ill. App. 3d 519, 741 N.E.2d 1014 (2000). Malice is defined as the intent without justification or excuse to commit a wrongful act. *Illinois Nurses Ass'n*, 318 Ill. App. 3d at 534, 741 N.E.2d at 1025.

The jury in this case was instructed that in order for Agnes to prove her case for malicious prosecution she was required to show, *inter alia*, that the Housing Authority's conduct was malicious and without probable cause. See 745 ILCS 10/2—208 (West 2000). The jury was also instructed as follows:

"When I use the term 'malice' I mean the actuation of a prosecution for an improper motive. An improper motive for a prosecution is any reason other than to bring the party to justice. Malice may be inferred from the absence of probable cause when the circumstances which exist are inconsistent with good faith by the action and where the absence of probable cause has been clearly proved."

Before the jury announced its verdict, however, it received a special interrogatory from the trial court which asked: "If you find that Mr. Taylor commenced or continued a criminal proceeding against the plaintiff then do you find that Mr. Taylor acted with willful and wanton disregard for plaintiff's rights?"

█ We hold that the jury's verdict in favor of Agnes on her malicious prosecution claim and its determination in response to the special interrogatory that the Housing Authority's actions were not willful and wanton are not irreconcilable with one another. The jury was instructed that if it believed that there was no probable cause, then it could infer malice. Accordingly, a consideration of the willful and wanton standard was not necessary. See *Mack v. First Security Bank*

*of Chicago*, 158 Ill. App. 3d 497, 511 N.E.2d 714 (1987). Moreover, the jury was never given an instruction or a definition of the willful and wanton standard. Therefore, it had no occasion to consider the standard when making its decision. Because we determine that the jury could have reached its decision without finding that the Housing Authority's actions were willful and wanton, we affirm. See *Bilderback v. Admiral Co.*, 227 Ill. App. 3d 268, 591 N.E.2d 36 (1992) (providing that an inconsistency between a special interrogatory and a general verdict exists only when the answer to the special interrogatory is clearly and absolutely irreconcilable with the general verdict).

■ Regarding the Housing Authority's contention that Agnes is not entitled to relief because she was granted the new trial that she had requested, we disagree. The issue Agnes raised in this appeal is whether the trial court improperly granted the judgment *n.o.v.* motion. That issue was not addressed by this court on its merits, and Agnes was not able to raise the issue previously because there had not yet been a final judgment in the case. See *Matyskiel v. Bernat*, 85 Ill. App. 2d 175, 228 N.E.2d 746 (1967) (providing that an order granting a new trial is interlocutory in nature). Accordingly, Agnes is not barred from raising the issue in this appeal. See *Craigmiles v. Egan*, 248 Ill. App. 3d 911, 618 N.E.2d 1242 (1993) (determining that a denial of leave to appeal under Supreme Court Rule 306 is not a bar to further raising of the issues involved).

■ We also do not agree with the Housing Authority's contention that Agnes should not be able to argue that the special interrogatory was improper because she did not object to the interrogatory at trial. Although failing to object to a special interrogatory when proffered will ordinarily waive any claim of error in giving the special interrogatory, a party's contention that an answer to a special interrogatory is not inconsistent with the general verdict is not waived notwithstanding that party's failure to object to the interrogatory when proffered. *LaPook v. City of Chicago*, 211 Ill. App. 3d 856, 570 N.E.2d 708 (1991). Consequently, Agnes did not waive her right to assert that the answer to the special interrogatory was not inconsistent with the general verdict. As a result, we reverse and hold that the trial court erred when it denied Agnes' motion for a judgment on the verdict. The jury's verdict of $150,000 is hereby reinstated.

For the foregoing reasons, the judgment of the circuit court of Rock Island County is reversed.

Reversed.

HOMER, J., concurs.

514

JUSTICE HOLDRIDGE, dissenting:

Through its verdict, the jury found that the Housing Authority acted with malice. Through its answer to the special interrogatory, however, the jury found that the Housing Authority did not act with willful and wanton disregard for Agnes' rights. The majority concludes that the answer to the special interrogatory is not irreconcilable with the verdict. The plain meaning of the words "malicious," "willful," and "wanton" tells a different story.

An act is willful if it is deliberate[1] and done in accordance with one's will. American Heritage Dictionary of the English Language 1466 (1969). Essentially, willful conduct is intentional conduct. Since malice has an intent component (see *Illinois Nurses Ass'n v. Board of Trustees of University of Illinois*, 318 Ill. App. 3d 519, 741 N.E.2d 1014 (2000)), a person who acts maliciously also acts willfully.

An act is wanton if it is "[m]aliciously cruel" or merciless. American Heritage Dictionary of the English Language 1444 (1969). According to Black's Law Dictionary, the word "wanton" signifies "[u]nreasonably or maliciously risking harm while being utterly indifferent to the consequences." Black's Law Dictionary 1576 (7th ed. 1999). These definitions show that malicious conduct is also wanton conduct.

I do not see how the Housing Authority could have acted maliciously yet not willfully and wantonly. Neither does the majority give an adequate explanation for its contrary view. The jury's ability to infer malice from an absence of probable cause merely speaks to the method of finding malice; it does not change the essential meaning of that term. Furthermore, the absence of an instruction on willful and wanton conduct (and the fact that the jury did not consider that standard in reaching its verdict) simply does not prove the majority's point. Nothing about those circumstances diffuses the conflict illustrated by the above-cited definitions.

The trial court recognized a legitimate inconsistency between the verdict and the answer to the special interrogatory. I agree with the court and thus dissent from the majority's opinion reversing its judgment.

---

[1]The word "deliberate" signals premeditated or intentional action. American Heritage Dictionary of the English Language 349 (1969).