Docket No. 94597–Agenda 14–March 2003.

AGNES M. STEPHENS, Appellee, v. STEVEN TAYLOR 
et al.
, Appellants.

Opinion filed June 19, 2003.

JUSTICE FITZGERALD delivered the opinion of the court:

Defendants, the Moline Housing Authority (the Authority) and its director, Steven Taylor, request that we consider the 
res judicata
 effect of an unsuccessful application for leave to appeal pursuant to Illinois Supreme Court Rule 306(a)(1) (166 Ill. 2d R. 306(a)(1)). Rule 306(a)(1) allows a party to petition for leave to appeal an order of the trial court granting a new trial. 166 Ill. 2d R. 306(a)(1). According to defendants, principles of 
res judicata
 would preclude the party petitioning under Rule 306(a)(1) from subsequently raising the same issues contained in the Rule 306 petition in an appeal filed after the conclusion of the new trial.

However, in this case the petitioning party under Rule 306(a)(1)–the party who sought leave to appeal the order of the trial court granting a new trial–also requested the new trial. For this reason, we reverse the judgment of the appellate court and reinstate the verdict of the circuit court following the second trial.

BACKGROUND

Plaintiff, Agnes Stephens, an employee of the Authority, was charged with theft of a “Bill Trip Alarm.” After nine months, the charge was dismissed 
nolle prosequi
, and Stephens filed a multicount civil suit against the Authority and Taylor in the circuit court of Rock Island County. Stephens sought damages for malicious prosecution, the intentional infliction of emotional distress, and a violation of her civil rights pursuant to section 1983 of the Civil Rights Act (42 U.S.C. §1983 (2000)).

Stephens presented her case to a jury, and upon defendants’ motion at the close of Stephens’ case, the trial court directed a verdict in favor of the Authority and Taylor on the intentional infliction of emotional distress claim.
(footnote: 1) The trial court submitted to the jury a special “court interrogatory.” The interrogatory was drafted by the trial court without the assistance of counsel for any of the parties. Both Taylor and the Authority objected to the form and content of the special interrogatory. The special court interrogatory provided, “If you find that Mr. Taylor commenced or continued a criminal proceeding against the plaintiff then do you find that Mr. Taylor acted with willful and wanton disregard plaintiff’s rights?” The jury answered the interrogatory “no,” and returned its verdict in favor of Stephens for malicious prosecution with judgment in the amount of $150,000, and in favor of the Authority and Taylor on the section 1983 counts. The trial judge concluded that it was inconsistent to find that Taylor’s conduct was not willful and wanton, and at the same time malicious. Accordingly, the trial court entered judgment notwithstanding the verdict in favor of the Authority and Taylor on the malicious prosecution counts.

On the same day the trial court entered its order setting aside the verdict, Stephens filed a “Motion For Entry Of Judgment On General Verdict,” and within the motion she requested that the court “vacate the judgment entered herein and enter judgment for the plaintiff 
or in the alternative grant a new trial
.” (Emphasis added.) The trial court allowed oral argument on the motion, and ultimately denied the motion but invited written posttrial motions from the parties. Stephens filed a posttrial motion for entry of judgment on the general verdict, arguing that the general verdict was not inconsistent with the answer to the special court interrogatory. Stephens argued that the jury was properly instructed that “[m]alice may be inferred from the absence of probable cause when the circumstances which exist are inconsistent with good faith by the actor and where the absence of probable cause has been clearly proved.” Defendant maintained that the absence of willfulness is not inconsistent with a finding of malice. Therefore, in her posttrial motion Stephens again requested that the trial court “vacate the judgment entered herein, enter judgment on the general verdict in favor of the plaintiff in the amount of $150,000, or in the alternative, grant judgment notwithstanding the verdict, 
or a new trial
.” (Emphasis added.) Stephens’ memorandum in support of her posttrial motion requested identical relief: “vacate the Order previously entered herein, reconsider its decision, and enter judgment on the general verdict for the plaintiff 
or grant a new trial
 or enter judgment N.O.V.” (Emphasis added.) The trial court denied Stephens’ request to vacate the judgment, but granted her request for a new trial.

Despite the trial court order granting her request for a new trial, Stephens filed a petition for leave to appeal pursuant to Illinois Supreme Court Rule 306(a)(1) (166 Ill. 2d R. 306(a)(1)). Pursuant to Rule 306(a)(1), a party may petition for leave to appeal from an order of the trial court granting a new trial. 166 Ill. 2d R. 306(a)(1). Within her petition for leave to appeal, Stephens argued that the trial court erred in granting a new trial and refusing to enter judgment on the general verdict because the verdict was not inconsistent with the special court interrogatory. The appellate court denied Stephens’ petition without addressing the merits.

The case proceeded to trial a second time. The parties conducted additional discovery, deposed new witnesses, and filed new pretrial motions. Stephens voluntarily dismissed her claim for intentional infliction of emotional distress. The trial court directed a verdict in favor of Taylor and the Authority on the civil rights claim. At the close of the trial, the jury returned a verdict for Taylor and the Authority on the remaining malicious prosecution counts. Stephens filed a posttrial motion, and argued various claims of error, including a claim that related to the first trial. Stephens argued that the first trial court erred when it granted judgment notwithstanding the verdict and granted a new trial. The posttrial motion was denied, and Stephens appealed. 155 Ill. 2d R. 301.

In her appeal following the second trial, Stephens raised the same errors contained in her posttrial motion. Primarily, Stephens maintained that the first trial court erred when it ordered judgment notwithstanding the verdict and granted a new trial. Further, Stephens argued a second time that the special court interrogatory and the general verdict from the first trial were not inconsistent with one another. The docketing statement prepared by Stephens, attached to her “Notice of Appeal,” highlights the limited scope of issues raised on appeal following the second trial:

“The transcript of proceedings in the initial trial has already been prepared. The transcript of the hearing on the post-trial motion from the second trial is being prepared ***. 
Those are the only items of transcript that need to be considered by the Appellate Court on the issues that will be raised and the issue will be whether or not the Court should have entered judgment on the general verdict in the initial trial
.” (Emphasis added.)

On appeal, the appellate court first examined “whether a party who was denied leave to appeal from a petition filed pursuant to Supreme Court Rule 306(a) [citation] after a new trial was granted is foreclosed from raising the same issues in a subsequent appeal.” 331 Ill. App. 3d 508, 509. The appellate court reasoned that all litigants are entitled to one appeal from an order granting a new trial. 331 Ill. App. 3d at 511, citing 134 Ill. 2d R. 306(a)(1). Therefore, the appellate court concluded that “[i]f a petition for leave to appeal is denied without reaching the merits of the petition and then the petition is treated as if it were 
res judicata
, the parties will effectively have been deprived of the one review to which they are entitled.” 331 Ill. App. 3d at 511. Therefore, the appellate court decided that the party petitioning under Rule 306(a)(1) may raise the same issues contained in the Rule 306 petition in a subsequent appeal if the appellate court declined to reach the merits of the Rule 306 petition. Essentially, the court’s decision not to address the merits preserved the issues for later review. Accordingly, the appellate court then addressed the merits in this case, and reversed the judgment of the trial court and the results of the second trial, and reinstated the jury verdict of $150,000 in the first trial. We granted the Authority and Taylor’s petition for leave to appeal. 177 Ill. 2d R. 315.

ANALYSIS

Illinois Supreme Court Rule 306(a)(1) provides that a party may petition for leave to appeal to the appellate court “an order of the circuit court granting a new trial.” 166 Ill. 2d R. 306(a)(1). Taylor and the Authority request that we consider whether a party who requests and is granted a new trial, and then subsequently petitions for appellate review pursuant to Rule 306(a)(1), is barred from raising the same issues contained in the Rule 306(a)(1) petition in a subsequent appeal filed after the conclusion of the new trial. Essentially, Taylor and the Authority request that we consider the 
res judicata 
effect upon the petitioning party of an application for leave to appeal filed pursuant to Rule 306(a)(1). Conversely, Stephens maintains that when a new trial is granted all interlocutory issues of the first trial will be preserved for later review, and that a party may raise those issues from the first trial in an appeal following the second trial.

Although the appellate court and the parties frame the issue in this case as one involving the preclusive effect of a denial of a Rule 306(a)(1) petition for leave to appeal, under the facts and circumstances of this case, this issue is not dispositive. Rather, the dispositive issue is whether a party who requests a new trial and receives it can then challenge that ruling. “It is well settled in this State that ‘a party cannot claim error when it induced the trial judge’s mistake.’ ”
 Morris v. Banterra Bank of Hamilton County
, 159 Ill. 2d 551, 552 (1994), quoting 
J.L. Simmons Co. ex rel. Hartford Insurance Group v. Firestone Tire & Rubber Co.
, 108 Ill. 2d 106, 116 (1985). In this case, Stephens requested the new trial and was granted the new trial and cannot now claim the order granting the new trial was error. Therefore, it is immaterial whether her initial petition for leave to appeal filed pursuant to Rule 306(a)(1) bars subsequent review of the same issues in a later appeal filed after the new trial.

Our decision in 
Morris
 best illustrates this point. In 
Morris
, the plaintiffs sought judgment on the pleadings prior to trial. As a tactical maneuver, in their motion for judgment on the pleadings, the plaintiffs sought alternative relief. Specifically, rather than risk proceeding with proofs if the motion for judgment on the pleadings was denied, the plaintiffs alternatively requested judgment for the defendants. The plaintiffs’ request for alternative relief was an attempt to gain immediate appellate review in the event the motion for judgment on the pleadings was denied. The trial court denied the motion for judgment on the pleadings and granted judgment for the defendants. Plaintiffs immediately appealed the order. The appellate court then reversed the trial court order, holding that the trial court properly denied the motion for judgment on the pleadings but improperly granted the plaintiffs’ request for judgment for the defendants. The appellate court held that it was “not the intention of the plaintiffs to terminate the litigation when they made their alternative motion.” 
Morris v. Banterra Bank of Hamilton County
, 246 Ill. App. 3d 1121 (1993) (unpublished order under Supreme Court Rule 23), quoted in 
Morris
, 159 Ill. 2d at 552.

We reversed the appellate court. 
Morris
, 159 Ill. 2d at 552. We agreed that the order granting judgment for the defendants was “premature” and “improper.” 
Morris
, 159 Ill. 2d at 552. However, unlike the appellate court, we held that the plaintiffs’ motivation in requesting the relief was immaterial: “The fact that plaintiffs intended to use the alternative motion only to effect an end run to gain review of an unreviewable interlocutory order is of importance only in the plaintiffs’ minds. The plaintiffs’ motivation, hope, or expectation for this procedural maneuver is beside the point.” 
Morris
, 159 Ill. 2d at 553. Therefore, we confined our review to the simple procedural facts of the case, holding that “[i]n this case, plaintiffs induced the circuit court to enter a judgment in favor of defendants. *** [T]he party inducing the error must bear its consequences.” 
Morris
, 159 Ill. 2d at 552; see also 
McMath v. Katholi
, 191 Ill. 2d 251, 255 (2000) (“ ‘It is fundamental to our adversarial process that a party waives his right to complain of an error where to do so is inconsistent with the position taken by the party in an earlier court proceeding’ ”), quoting 
Auton v. Logan Landfill, Inc.
, 105 Ill. 2d 537, 543 (1984); 
Geer v. Kadera
, 173 Ill. 2d 398, 413-14 (1996) (“As a general rule, *** ‘one who has obtained by judgment all that has been asked for in the trial court cannot appeal from the judgment’ ” because by obtaining by judgment what was asked for the individual has no standing to appeal), quoting 
Material Service Corp. v. Department of Revenue
, 98 Ill. 2d 382, 386 (1983); 
Catalano v. Pechous
, 83 Ill. 2d 146, 154 (1980) (stating in a defamation case that “[i]t is thus apparent that [the appellant] invited both the circuit and appellate courts to decide the case by summary judgment in the hope that the judgment would be in his favor, and that he sought to repudiate his statement only after the appellate court had rendered a judgment adverse to him. Such a course of action is barred under the doctrines of invited error and of estoppel”); 
Henry v. Metz
, 382 Ill. 297, 306 (1942) (“Parties cannot blow hot and cold in a lawsuit. The error, if any, alleged by cross appellants was induced by them, and they cannot now be heard to say the court erred in entering the form of decree requested by them”).

Similarly, in this case Stephens sought the relief she now appeals–Stephens sought a new trial and now appeals, in part, the order granting a new trial. While Stephens is correct that the verdict-inconsistency issue was never addressed on the merits, this is the case because there had not yet been a final judgment when she sought appellate review. And, more importantly, there was not yet a final judgment because Stephens requested and was granted a new trial. Her tactical decision to request a new trial precluded appellate review. As we held in 
Morris
, the reason for Stephens’ procedural maneuver is irrelevant. Rather, like all litigants, Stephens was obligated to make a procedural decision–in this case, the choice to request a new trial or to accept the trial court’s judgment and subsequently appeal the final order. Stephens requested a new trial. A new trial extended the opportunity to fully and fairly relitigate the issues. Stephens took full advantage of that opportunity to relitigate–the case proceeded to trial a second time. The tactical decision to request a new trial foreclosed appellate review of all claimed errors in the first trial. Our jurisprudence demands that Stephens be bound by this choice.

CONCLUSION

For the aforementioned reasons, we reverse the judgment of the appellate court and affirm the judgment of the circuit court.

Appellate court judgment reversed;

circuit court judgment affirmed.

JUSTICE FREEMAN, specially concurring:

The court today states that “[a]lthough the appellate court and the parties frame the issue in this case as one involving the preclusive effect of a denial of a Rule 306(a)(1) petition for leave to appeal, under the facts and circumstances of this case, this issue is not dispositive.” Slip op. at 5. The court then proceeds to identify what it believes to be the dispositive issue in this case–the fact that plaintiff asked for a new trial and, having received one, should not now be heard to complain. Slip op. at 5. Although I do not disagree with the ultimate use of that rationale in this case, I would point out that this court customarily does not accept a discretionary appeal in order to speak to such a well-known and uncontroverted legal concept. The petition for leave to appeal in this case presented this court with a question regarding whether a denial of a petition for leave to appeal under Rule 306 has 
res judicata
 effect. The petition noted that, since 1992, our appellate court has reached conflicting answers with respect to this question. The appellate court in the present case, in its published opinion, noted the questions that have arisen in this area. In light of the confusion that exists on this subject and because the parties have briefed the issue, I believe that this case provides a vehicle for this court to, at the least, acknowledge the conflict, if not attempt to bring some clarity to this area of law. I, therefore, write separately to address the issue.

 Rule 306 provides a mechanism for parties to seek interlocutory appeals from certain orders entered by the circuit court, such as orders which 
inter alia
 (i) grant a new trial, (ii) allow or deny a motion to dismiss on grounds of 
forum non conveniens
, (iii) allow or deny a motion to transfer to another county. 166 Ill. 2d R. 306(a). The party seeking review must file in the appellate court a petition which sets forth the grounds for the appeal. The appellate court then determines, as a matter of discretion, whether to hear the interlocutory appeal. 166 Ill. 2d R. 306(a).

In 
Robbins v. Professional Construction Co.
, 72 Ill. 2d 215 (1978), this court held that the appellate court’s denial of a Rule 306 petition for interlocutory appeal on the question of whether a new trial order was proper precluded further review of that question in a subsequent appeal. Notwithstanding the holding in 
Robbins
, this court, in 
Kemner v. Monsanto Co.
, 112 Ill. 2d 223 (1986), ruled that the denial of a petition for interlocutory appeal is not “ ‘an exotic form of
 res judicata
,’ ” but instead,“ ‘means only that a majority of the upper court could not be mustered’ ” to support the petition. 
Kemner
, 122 Ill. 2d at 241, quoting 
Lowe v. Norfolk & Western Ry. Co.
, 124 Ill. App. 3d 80, 90 (1984). In light of this conclusion, the court considered the propriety of a trial court order denying a motion to dismiss based on 
forum non conveniens
 even though the order had previously been the subject of a denied Rule 306 petition. In the aftermath of 
Kemner
, our appellate court has struggled to find consistency in this area of the law.

In 
In re Marriage of Clark
, 232 Ill. App. 3d 342 (1992), the Second District followed 
Robbins
, holding that the court’s “denial of [petitioner’s] earlier petition for leave to appeal the trial court’s order for a new trial pursuant to the provisions of Supreme Court Rule 306 is not subject to relitigation before this court.” 
Clark
, 232 Ill. App. 3d at 346, citing 
Robbins
, 72 Ill. 2d at 222. The court, however, did not discuss the issue further and did not acknowledge the 
Kemner
 opinion.

In 
Koenig v. National Super Markets, Inc.
, 231 Ill. App. 3d 665 (1992), the Fifth District declined to follow 
Robbins
 when deciding whether the court’s prior denial of the defendant’s Rule 306 petition foreclosed the defendant from raising the same issues on appeal following a second trial. The appellate court found significant that, subsequent to 
Robbins
, this court held in 
People v. Vance
, 76 Ill. 2d 171 (1979), that:

“Our denials of leave to appeal, of course, carry no connotation of approval or disapproval of the appellate court action, and signify only that four members of this court, for reasons satisfactory to them, have not voted to grant leave.” 
Vance
, 76 Ill. 2d at 183.

The appellate court in 
Koenig
 found the same logic to apply in the Rule 306 situation and determined that its previous order denying the defendant’s Rule 306 petition denoted “only that at least two members of a three-member panel voted not to grant leave ‘for reasons satisfactory to them.’ ” 
Koenig
, 231 Ill. App. 3d at 667. For that reason, the appellate court did not give its previous denial of the Rule 306 petition 
res judicata
 effect in the later appeal.

The Fourth District confronted the question in 
Craigmiles v. Egan
, 248 Ill. App. 3d 911 (1993). The court, after noting both 
Koenig
 and 
Clark
, determined that the rationale of 
Kemner
 was more persuasive in settling the confusion in this area. 
Craigmiles
, 248 Ill. App. 3d at 917.
 
The court deemed the following language from 
Kemner
 to be dispositive as to whether the denial of a Rule 306 petition has preclusive effect:

“The res judicata effect for which the plaintiffs here argue was explicitly rejected in 
Lowe v. Norfolk & Western Ry. Co.
 (1984), 124 Ill. App. 3d 80, a case which arose out of the same occurrence as the present case. In 
Lowe
, the defendant railroad filed a petition for 
mandamus
 and a petition for leave to appeal to this court concerning the 
forum non conveniens
 rulings of the circuit court. Plaintiffs argued that since both petitions were denied by this court, the 
forum non conveniens
 issue was foreclosed. The 
Lowe
 court disagreed, reasoning that ‘the denial of a petition for an extraordinary writ, or the denial of a petition for interlocutory review, means only that a majority of the upper court could not be mustered in favor of the petition. ***’ [Citation.] We agree ***.” 
Kemner
, 112 Ill. 2d at 240-41.

The court then noted that Rule 306 provides for discretionary appeals from not only grants of new trials and denials of 
forum non conveniens
 motions, but also from a variety of other interlocutory orders. 
Craigmiles
, 248 Ill. App. 3d at 918. “Giving 
res judicata
 effect to denials of appeal from certain of those orders and not as to others would not appear to be sensible.” 
Craigmiles
, 248 Ill. App. 3d at 918. With respect to the differences between 
Robbins
 and 
Kemner
, the court concluded that “the 
Kemner
 opinion overruled 
Robbins sub silentio
.” 
Craigmiles
, 248 Ill. App. 3d at 918.

The Third District of our appellate court acknowledged the conflict between 
Robbins
 and 
Kemner
 in 
Cronkhite v. Feeley
, 251 Ill. App. 3d 868 (1993). The court distinguished the two cases on the basis that, in 
Robbins
, the court was concerned with a new trial order and, in 
Kemner
, the court was concerned with a motion to dismiss on 
forum non conveniens
 grounds. The order at issue in 
Cronkhite
 was a new trial order, and for that reason, the court chose to follow 
Robbins
 and did not review the propriety of the trial court’s order for a new trial after having earlier declined review under Rule 306.

The Third District, in the present case, declined to follow 
Cronkhite
. Instead, the court noted the following:

“Upon further consideration, we find the reasoning in 
Kemner
 more persuasive. Parties are entitled to one appeal from an order of the trial court granting a new trial. See 134 Ill. 2d R. 306(a)(1). If parties do not appeal the grant of a new trial, they forever waive their rights. [Citation.] If a petition for leave to appeal is denied without reaching the merits of the petition and then the petition is treated as if it were 
res judicata
, the parties will effectively have been deprived of the one review to which they are entitled. Accordingly, we hold that this court has jurisdiction over this appeal and [plaintiff] is not precluded from raising the issue that the trial court erroneously granted the Housing Authority’s judgment 
n.o.v.
 motion after the first trial. To the extent that 
Cronkhite
 is inconsistent with this opinion, it is overturned.” 331 Ill. App. 3d at 511.

Accordingly, the court did not give 
res judicata
 effect to its previous denial of the Rule 306 petition despite the holding in 
Robbins
.

After considering the matter, I believe the concerns voiced in 
Craigmiles
 have been realized in that some courts are giving 
res judicata
 effect to certain interlocutory orders based on the reviewing court’s denial of leave to appeal, and not to others. However, as the court in 
Craigmiles
 aptly noted, 
to give 
res judicata
 effect to some denials of Rule 306 appeal but not to others does not make sense, because the preclusive effect would be derived solely from the reviewing court’s decision not to grant permissive review–a decision that may be made without regard to the relative merits of the order sought to be reviewed. In my view, just as this court’s denial of a Rule 315 petition for leave to appeal signifies nothing more than that a majority of the court could not be persuaded to hear an appeal, so too should be the significance of the denial of a Rule 306 petition.

My conclusion in this matter finds support in the interpretation of Rule 306’s counterpart in the federal rules. Rule 5 of the Federal Rules of Appellate Procedure provides for the permissive appeal of certain interlocutory orders pursuant to section 1292(b) of the United States Code (28 U.S.C. §1292(b) (2000))–a procedure substantially similar to that set up under our Rule 306. Compare Fed. R. App. Proc. 5 with 166 Ill. 2d R. 306. In rejecting a party’s attempt to give preclusive effect to the circuit court of appeals’ earlier denial of leave to appeal under Rule 5, one federal court explained:

“The discretion afforded the courts of appeals in reviewing petitions for leave to bring §1292(b) appeals has been likened to that of the Supreme Court in controlling its certiorari jurisdiction. 16 C. Wright & A. Miller, Federal Practice and Procedure §3929, at 141 (1977) (citing S. Rep. No. 2434, 85th Cong., 2d Sess. (1958)). This court’s denial of such a petition may be for any of a number of reasons largely unrelated to the perceived merits of the order sought to be appealed from, particularly in the context of interlocutory appeals from orders granting new trials. 
See id.
 §3930, at 163-64.” 
Gallimore v. Missouri Pacific R.R. Co.
, 635 F.2d 1165, 1168 n.4 (5th Cir. 1981).

I note that this rationale mirrors that outlined in our decision in 
Kemner
.

One of our responsibilities as the highest court in the state is to speak definitively on subjects of conflict amongst the various districts of the appellate court. Due to the nature of our discretionary review, we cannot resolve all of the conflicts that exist in the lower courts. As a result, when an appeal is granted in a case that contains an issue of conflict, and the parties have devoted time to addressing the issue, we should stand ready to render the needed guidance to bench and bar. The present case is such a case, as it provided this court with the opportunity to resolve a question that has arisen in our lower courts with respect to one of this court’s own rules. Given that, I find it unfortunate that a majority of the court could not see fit to even acknowledge the question that is present in this case and which has so divided our appellate court. After considering the matter, I believe that 
Kemner
 represents the approach that should be followed on the question of whether denials for leave to appeal under Rule 306 should be given preclusive effect.

In all other aspects, I join in the court’s opinion.

FOOTNOTES
1:     
1
Plaintiff does not challenge this ruling.