FORD MOTOR COMPANY, PLAINTIFF-APPELLEE, v. JOHN L. FRAZIER & SONS COMPANY, DEFENDANT-APPELLANT.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 26466. Decided February 20, 1964.

*Messrs. Bulkley & Butler*, for plaintiff-appellee.
*Messrs. Spieth, Bell & McCurdy, Mr. Harold K. Bell, Mr. Everett D. McCurdy*, of counsel, for defendant-appellant.

*Per Curiam.* This is an appeal on questions of law from a judgment of the Court of Common Pleas of Cuyahoga County entered upon a verdict of a jury in favor of plaintiff. In the interest of brevity in this opinion, Ford Motor Company, plaintiff-appellee, will be referred to as ''Ford'' and John L. Frazier & Sons Company, defendant-appellant, as ''Frazier.''

The action in the Court of Common Pleas was brought by Ford as indemnitee against Frazier as a claimed indemnitor. As of June 21, 1956, Ford issued its purchase order which was accepted by Frazier and became the contract between the parties. The contract provided that Frazier was to furnish all labor, material, equipment, services and supervision to install one Cleveland Crane and Engineering press and Littell feed equipment.

On June 29, 1956, one Anthony Pennza, an employee of Martien Electric Company, a subcontractor employed by

Frazier, was injured while engaged in doing electrical work required in the installation of the aforesaid press and feeder in Ford's plant. Pennza brought suit against Ford in the Common Pleas Court of Cuyahoga County, and the case was removed by Ford to Federal Court and after due demand that Frazier assume the defense of said action, which Frazier refused, Ford settled the action for the sum of $6500.00. Ford then sued to recover from Frazier the sum of $6500.00 plus expenses of $965.00 and interest.

Ford relies upon a provision of its contract with Frazier under the heading of "Liability for Personal Injuries and Property Damage" which reads as follows:

"Seller (Frazier) shall be exclusively responsible for and bear all loss and/or expense and/or damage and/or claims therefore against Seller (Frazier) and/or Buyer (Ford), resulting from bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person or persons, and/or on account of damage to or destruction of property, including loss of use thereof, arising out of or in connection with the performance of Seller's (Frazier's) work, including all work assigned to Seller (Frazier) based upon the alleged negligence of: (a) Seller (Frazier) or its employees, agents, or servants; (b) any subcontractor or any of such subcontractors' employees, agents or servants; (c) and/or the Buyer (Ford) or any employees, agents or servants of Buyer (Ford)."

The problem before this court involves the construction of the provisions of the foregoing indemnity contract and must be construed in the light of the following facts as appears from the record:

1. Pennza, the injured workman, employed by subcontractor of Frazier, was present in the plant of Ford, working on the job that Frazier contracted for;

2. His injury occurred as the result of the negligence of Ford's employee wholly unrelated in any manner with the Frazier job;

3. It is observed from the conceded facts that Ford had absolutely nothing to do with the Frazier job; there was nothing in the contract that required Ford's participation in the job awarded to Frazier;

4. Frazier knew that the operation of Ford's own business and that of other trades would be going on simultaneously.

Frazier's position is that the following words of the above contract are germane and controlling:

"Frazier shall be exclusively responsible for and bear all loss * * * resulting from bodily injury * * * arising out of or in connection with the performance of Frazier's work * * * based upon the alleged negligence of Ford or any employees * * * of Ford."

It argues that these words mean that the loss from Pennza's injury, for which Ford sues, had to be *caused* by the performance of Frazier's work.

Ford's position, as stated in its brief, is that the evidence was conclusive that Ford had no part in the performance of the contractor's work; it was contemplated by the parties at the time the contract was made that there would be no participation; it was provided for in the contract itself that there would be simultaneous operations of both Frazier and Ford in the same area. There was physical proximity of the parties in conducting these operations. The bodily injury to Pennza, therefore, arose out of performance of Seller's work, or, at least in connection with performance of Frazier's work. Otherwise, the clause was sterile, meaningless and ineffectual for any purpose contemplated by the parties. While the appellant's position and its concept of the meaning of the words in question mean that Pennza's injury had to be *caused* by the performance of Frazier's work, the word *caused* is not found in the language of the contract.

The specific words, "arising out of or in connection with the performance," of Frazier's work are the words used.

"In construing a written instrument, effect should be given to all of its words if this can be done by any reasonable interpretation; and it is the duty of a court to give effect to all parts of a written contract, if this can be done consistently with the expressed intent of the parties. If possible, every provision in a contract should be held to have been inserted for some purpose and to perform some office, and an attempt must be made to harmonize, if possible, all the provisions of a contract."

(11 Ohio Jurisprudence [2d], 399, Contracts, Section 155.)

"In harmonizing apparently conflicting clauses of a contract they must be construed to as to give effect to the intention of the parties as gathered from the whole instrument and where the object to be accomplished is declared in the instrument, the clause which contributes most essentially to that object will control. So, anything in an agreement which in any way conflicts with the chief purpose therein must give way to the clause which makes the major intent effective."

(11 Ohio Jurisprudence [2d], 381, Contracts, Section 135.)

The last two conditions of the indemnity contract, "(b) any subcontractor or any of such subcontractors' employees, agents or servants; (c) and/or the Buyer (Ford) or any employees, agents or servants of Buyer (Ford)," are in this contract and no doubt intended to be integral parts thereof. Under the rules of construction, they must be regarded as significant parts thereof.

From the record it is clear that Frazier knew that there would be subcontractors engaged in work in the plant who, like Ford, would have no connection with Frazier's job, and this action does not involve that situation.

The question, therefore, arises, if the limited construction placed upon this contract by Frazier is to prevail, namely: that Frazier would be absolved from liability unless the negligence of the Ford employee must occur or be caused, as he puts it, in the performance of Frazier's work, of what significance is the condition (c) when under the facts and circumstances *Ford or its employees had absolutely no duties whatsoever with Frazier's work?* If this were the intent of the parties, what would be the necessity for this condition in the contract?

We, therefore, conclude and hold that Pennza was in the Ford plant in connection with Frazier's work and performing such work. He was injured as the result of the alleged negligence of Ford's employees, who had nothing to do with Frazier's work, and Frazier's responsibility under such circumstances was intended by the parties.

Should it be considered that the provisions of the contract are ambiguous, it would be our task to determine the intent of the parties from all of the facts and circumstances surrounding

the making of the contract. This, however, is not available to us because in this case we have only a partial bill of exceptions.

Accordingly, the judgment of the Court of Common Pleas is affirmed.

Exceptions. Order see journal.

KOVACHY, P. J., SILBERT and ARTL, JJ., concur.