# Illinois Official Reports

## Appellate Court

---

*Sloan Biotechnology Laboratories, LLC v. Advanced Biomedical Inc.*,
2018 IL App (3d) 170020

---

| | |
|---|---|
| Appellate Court Caption | SLOAN BIOTECHNOLOGY LABORATORIES, LLC, an Illinois Limited Liability Company, Plaintiff-Appellant, v. ADVANCED BIOMEDICAL INCORPORATED, a Delaware Corporation, Defendant-Appellee. |
| District & No. | Third District<br>Docket No. 3-17-0020 |
| Filed | March 14, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Peoria County, No. 16-MR-478; the Hon. Katherine Gorman Hubler, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Lane G. Alster, John S. Elias, and Janaki H. Nair, of Elias, Meginnes & Seghetti, P.C., of Peoria, for appellant.<br><br>Daniel M. Cordis and James P. Lawson, of Cordis & Cordis, of Princeville, and Deborah J. Michelson and David A. Kunselman, of Miller Goler Faeges Lapine LLP, of Cleveland, Ohio, for appellee. |
| Panel | PRESIDING JUSTICE CARTER delivered the judgment of the court, with opinion.<br>Justices Lytton and Schmidt concurred in the judgment and opinion. |

**OPINION**

¶ 1    Plaintiff, Sloan Biotechnology Laboratories, LLC (Sloan), brought a declaratory judgment action against defendant, Advanced Biomedical Incorporated (ABI), seeking a ruling from the trial court that Sloan was not in breach of its contract with ABI. Citing a forum selection clause in the parties' contract, ABI filed motions to either transfer venue to the state court in Cuyahoga County, Ohio, or to dismiss the case. Following a hearing, the trial court granted ABI's request and transferred venue to the Ohio state court. Sloan filed a motion to reconsider and asked the trial court to reverse its prior ruling or, in the alternative, to amend its prior ruling to show that the case had been dismissed rather than transferred. After a hearing, the trial court granted the motion to reconsider in part, reversed the prior ruling in its entirety, and entered an order dismissing Sloan's complaint for declaratory judgment. Sloan appeals. We reverse the trial court's judgment and remand for further proceedings.

¶ 2                                    FACTS

¶ 3    Sloan was an Illinois limited liability company and had its principal place of business in Peoria, Illinois. ABI was a Delaware corporation and had its principal place of business in Dublin, Ohio. In March 2015, Sloan entered into an exclusive manufacturing agreement (manufacturing agreement) with ABI wherein Sloan agreed to manufacture a nonalcohol based hand sanitizer lotion and derivatives of that product for ABI. The manufacturing agreement incorporated by reference a prior nondisclosure agreement (NDA) that had been entered into between the parties in June 2014 (the 2014 NDA was entered into between Sloan and ABI's predecessor and was later assigned to ABI). The following year, the parties entered into another NDA, which was substantially the same as the prior NDA. The manufacturing agreement and the two NDAs constituted the parties entire agreement (collectively referred to as the contract) for the purposes of this appeal.

¶ 4    In June 2016, Sloan filed the instant declaratory judgment action against ABI in the state trial court in Peoria County, Illinois. In addition to most of the information set forth above, Sloan alleged in its complaint that (1) it had performed all of its obligations under the parties' contract and (2) ABI had delivered to Sloan a demand letter claiming that Sloan had breached the contract and demanding that Sloan take (or refrain from taking) certain actions. Sloan asked the trial court to enter a declaration that Sloan had not breached the contract. Copies of the parties' contract (the manufacturing agreement and the two NDAs) and the demand letter were attached to the declaratory judgment complaint as supporting documents.

¶ 5    Of relevance to this appeal, the manufacturing agreement contained the following provisions:

> "12. CONFIDENTIALITY.
>
> The parties hereto acknowledge and agree that the information contained in this Agreement and all exhibits hereto is considered 'Confidential Information' as such term is defined in the June 17, 2014 Restatement of Non-Disclosure Agreement between SLOAN and ABI (the 'NDA Agreement') and is governed by the terms of such NDA Agreement. The parties further acknowledge and agree that June 17, 2014

Restatement of NDA Agreement remains in full force and effect and is hereby incorporated by reference as if fully set forth in this Agreement.

* * *

16. GOVERNING LAW.

This Agreement shall be deemed made in Peoria, Illinois, and the validity and interpretation thereof shall be governed by the laws of the state of Illinois without regard to its conflict of law principles."

The manufacturing agreement did not, however, contain a forum selection clause.

Also of relevance to this appeal, the NDAs contained the following provisions:

"11. Governing Law. The validity, performance, construction and effect of this Agreement will be governed by the laws of Ohio and the federal laws of the United States, without regard to conflict of laws. If any international treaties or conventions are applicable to this Agreement, then the parties, to the greatest extent possible, shall opt out of such treaties and conventions being applied to this Agreement. This Agreement may be enforced in the courts sitting in Cuyahoga County, Ohio, and in other courts and before other bodies to the extent required to protect the Disclosing Party's [ABI's] rights. The prevailing party in any litigation relating to this Agreement or a party's performance hereunder shall be entitled to recovery of its reasonable legal fees and all of its reasonable costs and expenses incurred in connection with the litigation.

12. Equitable Remedies. The Parties recognize that serious injury could result to the Disclosing Party [ABI] and its business if the Receiving Party [Sloan] breaches its obligations under this Agreement. Therefore, Receiving Party agrees that the Disclosing Party will be entitled to a restraining order, injunction or other equitable relief, the scope and extent of which shall be determined by a court of competent jurisdiction, sitting in Cuyahoga County, Ohio, if Receiving Party breaches its obligations under this Agreement, in addition to any other remedies and damages that would be available at law or equity.

* * *

16. Miscellaneous. The headings used in this Agreement are for reference and convenience only and will not enter into the interpretation of this Agreement. This Agreement shall not be construed against either Party as the drafter of this Agreement."

In July 2016, ABI filed a motion to transfer venue in this case to Cuyahoga County, Ohio. ABI also filed, in the alternative, a motion to dismiss the case pursuant to section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2016)). In the motions, ABI alleged that (1) earlier that month, it had filed a lawsuit against Sloan in the state court in Cuyahoga County, Ohio, for breach of the manufacturing agreement and the NDAs and for injunctive relief "inextricably intertwined with the issues raised by Sloan" in the present case; (2) the terms of the NDAs provided for exclusive venue in Cuyahoga County, Ohio; (3) it was unclear under Illinois law whether transfer or dismissal was the appropriate remedy, so ABI filed a motion requesting each remedy in the alternative; and (4) in addition to the forum selection clause, dismissal under section 2-615 of the Code was also appropriate because Sloan had failed to state a claim for declaratory relief in its complaint in

that it had alleged insufficient facts and was improperly seeking a declaration of nonliability for past conduct. Attached to the motions as supporting documents were ABI's memoranda setting forth its position in greater detail, copies of the agreements, and a copy of the breach of contract complaint that ABI had filed in the state court in Cuyahoga County, Ohio.

¶ 8      In September 2016, Sloan filed its responses, opposing ABI's motions to transfer or dismiss. Attached to the responses, among other things, was an affidavit of Sloan's president, Donald Stephens, in support of Sloan's claim that all of the relevant events, materials, and witnesses in this case were in Peoria, Illinois.

¶ 9      The following month ABI filed replies to Sloan's responses. Attached to the replies was an affidavit of ABI's president, William Fouss, in support of ABI's claim that the preponderance of the relevant events, materials, and witnesses in this case were in Ohio.

¶ 10      In October 2016, a hearing was held on ABI's motions to transfer venue or to dismiss the case. During the hearing, the parties presented their oral arguments to the trial court. Of relevance to this appeal, ABI's attorney stated, among other things:

"Does the court have a preference in the order? I have two arguments. I have two motions filed. One is the motion to transfer venue. One is a motion to dismiss. I'll just note for the record I think they're directly related, if for no other reason, because there's a procedural question as to how the Court would grant the relief we're seeking if it decided to do so. We got one string of Illinois law that says it must be under the venue statute. We also have Illinois case law that says the proper procedural matter to address this would be an outright dismissal. I'll leave that up to the Court. That's a primary reason why we brought both motions."

¶ 11      In response to a question asked during the hearing, ABI's attorney told the trial court that the case that ABI had filed in the state court in Cuyahoga County, Ohio, had been removed to federal court on Sloan's motion. After listening to the arguments of the attorneys, the trial court took the case under advisement.

¶ 12      At a later court date the following month, the trial court announced its decision. As it was doing so, the following conversation ensued:

"THE COURT: *** And in reviewing all of this, it's pretty clear to this Court that both corporations, who are sophisticated, contracted to have their matters heard in Cuyahoga, Ohio, and Illinois law presumes validity and enforcement of an expressly agreed-upon forum selection clause, and I find that the contracts entered into in June of 2014 and October of 2015 do just that.

So I'm gonna find that this should be heard in Ohio. And my inclination—well, I'll just ask if there would be an agreement on whether it's dismissed or transferred. Does anybody have a real strong preference on—

[SLOAN'S ATTORNEY]: None, because I couldn't figure out what procedurally is—

THE COURT: Well—

[SLOAN'S ATTORNEY]: I'd say transferred but—

THE COURT: I—it's not clear to me whether it should be dismissed or transferred. So in an abundance of caution so that nobody's prejudice[d]—

[SLOAN'S ATTORNEY]: Prejudice[d]. Yeah.

THE COURT: —as far as how things were done procedurally, I'll just transfer it—

[SLOAN'S ATTORNEY]: Okay.

THE COURT: —to Ohio, and then you can sort it out.

[SLOAN'S ATTORNEY]: Okay.

* * *

[ABI'S ATTORNEY]: To my—my only other question is, I apologize, but what do you mean when you say 'you will transfer'? Just entering an order that says 'transfer'?

THE COURT: I'm gonna grant a motion to transfer venue as opposed to dismissing it for improper venue. And the reason I'm doing that is so that nobody is prejudice[d] because of some things that have been done procedurally and then you can sort it out in Ohio.

[ABI'S ATTORNEY]: Sure.

THE COURT: Okay?

[ABI'S ATTORNEY]: Okay."

¶ 13    After a written order was entered transferring venue in this case to Cuyahoga County, Ohio, Sloan filed a motion to reconsider that order or, in the alternative, to amend it. In the motion, Sloan alleged that (1) after the trial court made its ruling in this case, the federal court in the Ohio case issued an order abstaining from exercising jurisdiction and staying the Ohio case pursuant to the *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976), abstention doctrine; (2) in this case, the Peoria County trial court's interpretation of the forum selection clause contained in the NDAs was incorrect under Ohio law; (3) the trial court in this case should reconsider its prior ruling; (4) in the alternative, the trial court in this case should amend its prior ruling and dismiss this case, as opposed to transferring it to Ohio, because transfer of venue to a foreign court is improper under Illinois law; and (5) dismissal would allow the parties to retain their appeal rights. Sloan attached to the motion to reconsider a copy of the federal court's ruling in the Ohio case.

¶ 14    ABI filed a motion to strike the motion to reconsider. ABI attached to the motion to strike a notice indicating that the state court in Cuyahoga County, Ohio, had accepted the transfer of this case from Illinois, had docketed the case, and had assigned the case to a judge. Sloan filed a response and opposed the motion to strike.

¶ 15    In December 2016, a hearing was held on Sloan's motion to reconsider or amend and on ABI's motion to strike. After some brief discussion with the attorneys, the trial court granted Sloan's motion to reconsider or amend, in part, and dismissed this case. In so doing, the trial court stated:

"Well, as I previously stated, I mean, there's no question this should all be happening in Ohio. Period. And the only reason I didn't rule one way or the other is because I didn't want to compromise your rights.

So that's—and—and nobody really—everybody was kinda like, well, we're not sure exactly whether it's transfer or dismiss. So if—given the fact that I would've just dismissed it, we wouldn't have—we wouldn't have all these issues. And no one had a strong position when we were here initially."

The trial court entered a written order that Sloan had prepared reversing the trial court's previous ruling in its entirety and dismissing the case. Sloan filed this appeal to challenge the trial court's ruling.

¶ 16                                    ANALYSIS

¶ 17        On appeal, Sloan argues that the trial court erred in granting ABI's section 2-615 motion to dismiss Sloan's complaint for declaratory judgment. Sloan asserts that the motion to dismiss should have been denied because the parties' contract does not require Sloan to litigate this case in Cuyahoga County, Ohio, or prohibit Sloan from bringing this case in Peoria County, Illinois. In making that assertion, Sloan acknowledges that paragraph 12 of the NDAs contains a mandatory forum selection clause but denies that it applies in this case. Rather, Sloan maintains that the mandatory forum selection clause only applies to suits brought by ABI for injunctive or other equitable relief for breach of the nondisclosure provisions and only for the purpose of determining the scope and extent of any such injunctive relief that may be granted. According to Sloan, if any forum selection clause applies in this case, it is the permissive forum selection clause contained in paragraph 11 of the NDAs that allows a lawsuit, such as the one in the present case, to be brought in any court. In the alternative, Sloan asserts that the mandatory forum selection clause is unenforceable because the chosen forum is so inconvenient, under the circumstances of the present case in which almost all of the relevant witnesses, documents, and materials are in Peoria, that it would, in effect, provide Sloan with no remedy at all. For all of the reasons stated, Sloan asks that we reverse the trial court's dismissal order; that we find that venue is appropriate in Peoria County, Illinois; and presumably, that we remand this case for further proceedings.

¶ 18        ABI argues that the trial court's ruling was proper and should be upheld. In support of that argument, ABI asserts first that Sloan has waived its claim of error on appeal by asking the trial court to dismiss the case in Sloan's motion to reconsider and by submitting the proposed dismissal order that the trial court approved and entered. Thus, ABI contends that Sloan invited or induced the trial court to make the alleged erroneous dismissal and that Sloan cannot now challenge that dismissal on appeal. Second, ABI asserts that even if Sloan's claim of error is not waived, it should still be rejected by this court because the parties' agreement specifically and mandatorily provides that venue for cases such as this shall be in Cuyahoga County, Ohio, as the trial court correctly found. In making that assertion, ABI maintains that the mandatory forum selection clause is not limited to claims for injunctive relief, as Sloan suggests but, rather, applies to all cases involving Sloan's alleged breach of the contract, regardless of the remedy being sought. ABI maintains further that paragraphs 11 and 12 of the NDAs are not ambiguous or in conflict and can be easily harmonized in that paragraph 11 addresses the jurisdictions where ABI can seek to protect its rights (any jurisdiction) and paragraph 12 addresses the locale where the parties must litigate disputes regarding Sloan's alleged breach of the contract (the selected Ohio forum), such as those disputes raised in the present case. In addition, ABI contends that the mandatory forum selection clause in the present case is valid and enforceable and that Sloan's claim as to inconvenience is wholly irrelevant in this context or, at the very least, that it must be balanced against the inconvenience that would result to ABI if this case was not litigated in the designated forum. ABI contends further that when an agreement contains both a

- 6 -

mandatory and a permissive forum selection clause, the mandatory forum selection controls over the permissive one. Third and finally, ABI asserts that even if the trial court's reasoning on venue was incorrect, dismissal was still proper in this case because Sloan's complaint failed to state a cause of action for declaratory judgment in that the complaint (1) sought a declaration of nonliability for past conduct, which is not actionable under Illinois law, and (2) failed to allege sufficient facts under Illinois pleading standards. For all of the reasons set forth, ABI asks that we affirm the trial court's dismissal order.

¶ 19      In reply to ABI's assertions, Sloan repeats many of the same arguments that it made initially. Sloan does, however, make some additional assertions about ABI's waiver argument and about ABI's failure-to-state-a-claim argument. First, as to ABI's waiver argument, Sloan contends that waiver does not apply here because Sloan's motion to reconsider was ultimately requesting that the trial court reverse its previous ruling and deny ABI's motion to transfer or dismiss the case. According to Sloan, it requested in the alternative that the trial court amend the previous order and change it to a dismissal order, rather than a transfer order, because it believed that the trial court had erred, as a matter of civil procedure, by transferring the case, instead of dismissing it. Further, Sloan contends it prepared and submitted the proposed order after the trial court requested that Sloan do so. Second, as to ABI's failure-to-state-a-claim argument, Sloan contends that its declaratory judgment complaint was sufficient under the law. Sloan asserts that in the complaint it was not seeking a declaration of nonliability for past conduct but, rather, was seeking the right to continue acting in the future, with regard to the contract, as it had acted in the past and was challenging the current allegations that were being made by ABI. Sloan points out that the trial court did not rule upon the sufficiency of the complaint and asserts that, if this court reaches that issue, it should remand the case for the trial court to decide the issue and to allow Sloan to file an amended complaint if the need arises. Ultimately, Sloan again asks that we reverse the trial court's dismissal order; that we find the venue is appropriate in Peoria County, Illinois; and presumably, that we remand this case for further proceedings.

¶ 20                                        I. Standard of Review

¶ 21      A section 2-615 motion to dismiss challenges the legal sufficiency of a complaint based upon defects that are apparent on the face of the complaint. *Heastie v. Roberts*, 226 Ill. 2d 515, 531 (2007). In determining whether a complaint is legally sufficient, a court must accept as true all well-pleaded facts and all reasonable inferences that may be drawn from those facts. *Id.* The critical inquiry in deciding a section 2-615 motion to dismiss is whether the allegations of the complaint, considered in the light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief can be granted. *Board of Directors of Bloomfield Club Recreation Ass'n v. Hoffman Group, Inc.*, 186 Ill. 2d 419, 424 (1999). A cause of action should not be dismissed pursuant to section 2-615 unless it is clearly apparent that the plaintiff cannot prove any set of facts that will entitle the plaintiff to relief. *Heastie*, 226 Ill. 2d at 531. In reviewing a trial court's ruling on a section 2-615 motion to dismiss, the appellate court applies a *de novo* standard of review. *Id.* at 530-31. When *de novo* review applies, the appellate court performs the same analysis that the trial court would perform. *Direct Auto Insurance Co. v. Beltran*, 2013 IL App (1st) 121128, ¶ 43. The appellate court may affirm a trial court's grant of a section 2-615 motion to dismiss on any basis supported by the record. *Fidelity National Title Insurance Co. of New York v. Westhaven Properties*

*Partnership*, 386 Ill. App. 3d 201, 220 (2007). In addition, as will be discussed later in this decision, our ruling on the main issue in this particular case turns on an interpretation of the parties' contract. Contract interpretation is a matter that is also subject to *de novo* review on appeal. *Gallagher v. Lenart*, 226 Ill. 2d 208, 219 (2007).

## II. ABI's Assertion of Waiver

Before we reach the merits of the parties' arguments on appeal, we must first address ABI's assertion that Sloan waived its claim of error by asking the trial court to enter the dismissal order in Sloan's motion to reconsider and by preparing and submitting the dismissal order that the trial court eventually entered. It is well settled that a party may not complain on appeal about an error that it invited or induced the trial court to make. *McMath v. Katholi*, 191 Ill. 2d 251, 255 (2000); *Stephens v. Taylor*, 207 Ill. 2d 216, 222-24 (2003). When a party invites or induces the trial court to commit error, we do not inquire into the party's motivations for doing so. See *Stephens*, 207 Ill. 2d at 222-24. The party's motivations for inviting or inducing the trial court to commit error are irrelevant. *Id.* That being said, under the circumstances of the present case, we cannot agree with ABI's claim that Sloan invited or induced the trial court to enter the allegedly erroneous dismissal order. It was ABI, and not Sloan, who initially moved for transfer or dismissal. Because of the uncertainty on this issue under Illinois law, neither the parties nor the trial court was sure of the appropriate remedy to award ABI. However, when Sloan learned that under the case law, a transfer to a foreign jurisdiction was not allowed, it appropriately informed the trial court that it had entered the wrong remedy under the law. We find, therefore, that Sloan did not waive its claim of error under the circumstances of this particular case.

## III. Validity of the Mandatory Forum Selection
## Clause Contained in Paragraph 12 of the NDAs

Having determined that there was no waiver in this case, we turn to the merits of the parties' arguments on appeal and must first decide whether the mandatory forum selection clause contained in paragraph 12 of the NDAs was valid and enforceable. Pursuant to the provisions of the NDAs, we are required to apply Ohio law in answering that question.

Ohio law recognizes that parties to a contract may agree to submit their disputes to a particular court by placing a forum selection clause to that effect in their contract. See *Salehpour v. Just A Buck Licensing, Inc.*, 2013-Ohio-4436, ¶ 10. There are generally two types of forum selection clauses: permissive and mandatory. *State ex rel. Cordray v. Makedonija Tabak 2000*, 189 Ohio App. 3d 73, 2010-Ohio-2903, 937 N.E.2d 595, ¶ 15. A permissive forum selection clause allows the parties to submit their dispute to a designated forum but does not prohibit litigation elsewhere. *Id.* A mandatory forum selection clause, on the other hand, provides an exclusive forum for litigation under the agreement as the only place where the parties are allowed to submit their dispute. See *id.* Use of the words "may" or "should" in a forum selection clause indicates that the parties intended the clause in question to be permissive in nature. *Id.* ¶ 16. Whereas, use of the word "shall" tends to signify that the parties intended the forum selection clause to be mandatory. See *Cleveland Ry. Co. v. Brescia*, 126 N.E. 51, 52 (Ohio 1919). For a forum selection clause to be considered mandatory, however, the clause must clearly display the intent of the contracting

parties to choose a particular forum to the exclusion of all others. *Cordray*, 2010-Ohio-2903, ¶ 15.

¶ 27    In the present case, there is no dispute between the parties that paragraph 11 of the NDAs contains a permissive forum selection clause and that paragraph 12 of the NDAs contains a mandatory forum selection clause. Instead, the dispute between the parties in this appeal centers on how the forum selection clauses are to be interpreted, how the forum selection clauses are to be applied, and whether the forum selection clauses should be enforced. Again, we turn to Ohio law to resolve those questions.

¶ 28    Under Ohio law, a forum selection clause contained in a commercial contract between two business entities (commercial forum selection clause) is *prima facie* valid, as long as it was bargained for freely. *Kennecorp Mortgage Brokers, Inc. v. Country Club Convalescent Hospital, Inc.*, 610 N.E.2d 987, 989 (Ohio 1993). A commercial forum selection clause, therefore, will generally be enforced, absent a strong showing that it should be set aside. *Id.* Enforcement of a commercial forum selection clause will be rejected, however, where either one of the two following conditions is clearly present: (1) where the clause was the product of fraud or overreaching or (2) where enforcement of the clause would be unreasonable and unjust in that it would essentially deprive the opposing party of its day in court or would be against public policy. See *id.*; *Preferred Capital, Inc. v. Power Engineering Group, Inc.*, 112 Ohio St. 3d 429, 2007-Ohio-257, 860 N.E.2d 741, ¶ 17.

¶ 29    In the present case, Sloan does not allege fraud or overreaching and has made no showing that enforcement of the mandatory forum selection clause contained in paragraph 12 would essentially deprive it of its day in court or would be against public policy. See *Kennecorp Mortgage Brokers, Inc.*, 610 N.E.2d at 989. Sloan merely alleges, in effect, that having to litigate this breach of contract case in Ohio would be inconvenient. Such an allegation is not sufficient, however, to negate the application of the mandatory forum selection clause. See *id.* at 988-89 (a minimum-contacts analysis, as set forth in *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945), and its progeny, does not apply in determining the validity of a commercial forum selection clause). Thus, the mandatory forum selection clause is valid and enforceable. The only question that remains to be resolved is how that forum selection clause should be interpreted. That question is one of contract interpretation.

¶ 30                    IV. Interpretation of the Mandatory Forum Selection Clause

¶ 31    The rules of contract interpretation under Ohio law are well established and are similar to the rules of contract interpretation under Illinois law. Compare, *e.g.*, *In re All Kelley & Ferraro Asbestos Cases*, 104 Ohio St. 3d 605, 2004-Ohio-7104, 821 N.E.2d 159, ¶ 29 (setting forth some of the rules of contract interpretation under Ohio law), with *Gallagher*, 226 Ill. 2d at 232-33 (setting forth some of the rules of contract interpretation under Illinois law). The main goal of contract interpretation under Ohio law is to ascertain and give effect to the intent of the parties, which a court presumes rests in the language that the parties chose to use in their contract. *All Kelley*, 2004-Ohio-7104, ¶ 29. In determining the parties' intent, a court must read the contract as a whole and must attempt to give effect to, and harmonize, every part of the contract. See *id.*; *Ford Motor Co. v. John L. Frazier & Sons Co.*, 196 N.E.2d 335, 337-38 (Ohio Ct. App. 1964). Common words in a contract are to be given their ordinary meaning unless manifest absurdity results or unless some other meaning is clearly evidenced from the face or overall contents of the contract itself, and technical words will be

given their technical meaning unless a different intention is clearly expressed. *Foster Wheeler Enviresponse, Inc. v. Franklin County Convention Facilities Authority*, 678 N.E.2d 519, 526 (Ohio 1997). When the terms of a contract are clear and unambiguous, the trial court need not go beyond the plain language of the contract to determine the rights and obligations of the parties. *All Kelley*, 2004-Ohio-7104, ¶ 29. "However, if a term cannot be determined from the four corners of a contract, factual determination of intent or reasonableness may be necessary to supply the missing term." *Inland Refuse Transfer Co. v. Browning-Ferris Industries of Ohio, Inc.*, 474 N.E.2d 271, 273 (Ohio 1984) (applying that rule of contract interpretation in the context of a summary judgment proceeding). That being said, it must be remembered that it is not the role of the court to alter a contract by construction or to make a new contract for the parties; rather, it is the court's duty to interpret the contract that the parties have made for themselves. See *In re All Kelley & Ferraro Asbestos Cases*, 153 Ohio App. 3d 458, 2003-Ohio-3936, 794 N.E.2d 729, ¶ 57, *rev'd on other grounds*, 2004-Ohio-7104, ¶ 42.

¶ 32    Applying the Ohio rules of contract interpretation in the present case, we find that the forum selection clause contained in paragraph 12 of the NDAs, while mandatory, is not nearly as broad as ABI suggests. To give paragraph 12 such a meaning would negate the permissive forum selection clause contained in paragraph 11. The only way to harmonize the two forum selection clauses (paragraph 11 and paragraph 12) is to interpret the mandatory forum selection clause very narrowly, as indeed it is so worded. We conclude, therefore, that the mandatory forum selection clause only applies to cases brought by ABI for breach of the nondisclosure provisions and only for the purpose of determining the scope of any restraining order, injunctive relief, or equitable relief that may be awarded in such a case. As Sloan correctly points out, that is not the situation before the court in the present case. Thus, we agree with Sloan that there is no provision in the manufacturing agreement or in the NDAs that prohibits Sloan from bringing the instant declaratory judgment action in the Peoria County trial court. The trial court erred in ruling to the contrary.

¶ 33    Having made that determination, we will not reach the other main assertion set forth by ABI—that its motion to dismiss should be granted because Sloan failed to state a claim for declaratory relief in its complaint. The trial court did not rule upon that particular argument and will undoubtedly face a motion to amend the complaint by Sloan if the trial court determines that the complaint is insufficient. We, therefore, remand this case for the trial court to decide that issue and any other matters that may arise.

¶ 34                                    CONCLUSION

¶ 35    For the foregoing reasons, we reverse the judgment of the circuit court of Peoria County and remand this case for further proceedings.

¶ 36    Reversed and remanded.